JOHN E. MUSSACK, Claimant-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF EDUCATION Employer-Appellee, Self-Insured, and
JOHN MULLEN AND COMPANY, Insurance Adjuster-Appellee.
No. 27534.
Supreme Court of Hawaii.
April 17, 2008.
On the briefs:
John E. Mussack, claimant-appellant pro se.
James E. Halvorson and Maura M. Okamoto, Deputy Attorneys General, for employer-appellee, State of Hawai`i, Department of Education.

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY, JJ. and ACOBA, J., concurring in the result only.
Claimant-Appellant John E. Mussack ("Mussack") appeals from the Labor and Industrial Relations Appeals Board's[1] ("LIRAB") July 28, 2005 decision and order affirming the decision of the Director of Labor and Industrial Relations ("director") denying his claim for workers compensation against his. employer, the State of Hawai`i Department of Education ("DOE")[2] and the LIRAB's September 1, 2005 order denying Mussack's motion for reconsideration.
On appeal, Mussack argues that the LIRAB erred inasmuch as it (1) departed from lawful procedure by admitting the file of the case (a) without giving him notice, in violation of the pretrial order, (b) without his agreement, and (c) without affording him the opportunity to object, (2) admitted a report by Dr. Daryl B. Matthews ("D Matthews' Report") and DOE files regarding Mussack ("DOE documents") into evidence although they were not authenticated and hearsay evidence, and (3) concluded that Mussack had not sustained an injury on September 29, 2000 even though "there was a variety of evidence that Mussack sustained an injury."
Upon carefully reviewing the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we hold that:
(1) The LIRAB did not depart from lawful procedure where it admitted Dr. Matthews' report and DOE documents as part of the file of the case. The LIRAB's pretrial order did not require the DOE to provide Mussack with notice where the DOE did not introduce these documents. Moreover, inasmuch as stipulation is voluntary[3] and not a prerequisite to admitted evidence, the LIRAB may admit evidence that was not stipulated. Further, Mussack's failure to object to the Director's file does not amount to a LIRAB violation of "lawful procedure" where the record does not indicate that the LIRAB refused to hear objections to this evidence;[4]
(2) Dr. Matthews' Report and DOE documents were admissible because they are relevant[5] to the issue of Mussack's injury on September 29, 2000;
(3) the LIRAB did not clearly err[6] by concluding that Mussack did not sustain a psychiatric injury on September 29, 2000. We decline to disturb the LIRAB's determination of the weight and credibility of the evidence,[7] and the substantial evidence in the record did not support Mussack's claim;[8]
(4) The LIRAB did not abuse its discretion by denying Mussack's motion for reconsideration where Mussack "raise[d] arguments or evidence that could and should have been brought during the earlier proceeding;"[9] and
(5) The LIRAB did not commit reversible error by finding that Mussack was not injured on September 29, 2000, where his ongoing injuries began on September 29, 2000 because (a) he did not seek to amend the LIRAB's March 2, 2004 pretrial order which plainly listed this issue and (b) even if the LIRAB erred, it was harmless because Mussack did not present evidence other than his own testimony that supported his claim that he was injured on dates other than September 29, 2000.[10] Therefore,
IT IS HEREBY ORDERED that the LIRAB's July 28, 2005 decision and order and September 1, 2005 order denying Mussack's motion for reconsideration are affirmed in all respects.
CONCURRENCE BY ACOBA,
I concur in the result only.
NOTES
[1] Board Chairman Randall Y. Iwase and Board members Carol K. Yamamoto and Vicente F. Aquino presided.
[2] Hawai`i Revised Statutes ("HRS") 386-3 (Supp. 2000) states:

(a) If an employee suffers personal injury either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.
Accident arising out of and in the course of the employment includes the wilful act of a third person directed against an employee because of the employee's employment.
(b) No compensation shall be allowed for an injury incurred by an employee by the employee's wilful intention to injure oneself or another by actively engaging in any unprovoked non-work related physical altercation other than in self defense, or by the employee's intoxication.
(c) A claim for mental stress resulting solely from disciplinary action taken in good faith by the employer shall not be allowed; provided that if a collective bargaining agreement or other employment agreement specifies a different standard than good faith for disciplinary actions, the standards set in the collective bargaining agreement or other employment agreement shall be applied in lieu of the good faith standard. For purposes of this subsection, the standards set in the collective bargaining agreement or other employment agreement shall be applied in any proceeding before the department, the appellate board, and the appellate courts.
[3] "Stipulation" is defined as "a voluntary agreement between opposing parties concerning some relevant point; especially, an agreement relating to a proceeding made by attorneys representing adverse parties to the proceeding." Black's Law Dictionary, 1455 (8th ed. 2004).
[4] See Hawai`i Rules of Evidence ("HRE") 103 ("Error may not be predicted upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.").
[5] The LIRAB is an agency within the definition of the Hawai`i Administrative Procedure Act, see Cazimero v. Kohala Sugar Co., 54 Haw. 479, 481, 510 P.2d 89, 91 (1973), and therefore, under Hawai`i Administrative Rule § 12-47-41, "statutory and common law rules relating to the admission or rejection of evidence" do not apply to the LIRAB. Hawai`i Administrative Rule § 12-10-72.1, entitled "Hearings Process," describes the admission of evidence as follows:

The admissibility of evidence at the hearing shall not be governed by the rules of evidence, and all relevant oral and documentary evidence shall be admitted. Irrelevant, immaterial, or unduly repetitious material shall not be admitted into evidence.... Documentary evidence may be received in the form of copies, provided that, upon request, all other parties to the proceeding shall be given an opportunity to compare the copy with the original. If the original is not available, a copy may still be admissible, but the unavailability of the original and the reasons therefor shall be considered by the hearings officer when considering the weight of the documentary evidence. . . . The director shall notify the parties whenever possible before the hearing of the material to be so noticed and the parties shall be afforded an opportunity at the hearing to contest the facts so noticed.
(Emphasis added.) See also HRS § 91-10 (1993) ("[A]ny oral or documentary evidence may be received, but every agency shall as a matter of policy provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence."); Cazimero, 54 Haw. at 483, 510 P.2d at 93 ("[W]hen an agency is faced with evidence of doubtful admissibility, it is preferable that it allow the admission of such evidence rather than to exclude the same, [because] . .. `If the record on review contains not only all evidence which was clearly admissible, but also all evidence of doubtful admissibility, the court which is called upon to review the case can usually make an end of it, whereas if evidence was excluded which that court regards as having been admissible, a new trial or rehearing cannot be avoided.'").
"The rules of evidence governing administrative hearings are much less formal than those governing judicial proceedings. This is due in part [sic] the absence of a jury. Thus, the general rule is that hearsay evidence is admissible in agency proceedings." Price v. Zoning Bd. of Appeals, 77 Hawaii 168, 176 n. 8, 883 P.2d 629, 637 n.8 (citing 4 J. Stein, G. Mitchell & Mezines, Administrative Law § 22.01 (1994)). Thus, Dr. Matthews' Report and the DOE documents may be admissible even as hearsay documents. As long as Dr. Matthews' Report and the DOE documents were relevant  "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"  the LIRAB properly admitted it. HRE 401. See Loui v. Bd. of Med. Exam'rs, 78 Hawai`i 21, 31, 889 P.2d 705, 715 (1995).
[6] See Igawa v. Koa House Rest., 97 Hawai`i 402, 406, 38 P.3d 570, 574 (2001) ("A [Conclusion of Law] that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case." (internal quotation marks, citations and brackets in original omitted)); In re Water Use Permit Applications, 94 Hawai`i 97, 119, 9 P.3d 409, 431 (2000) ("[A finding of fact] or a mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made.").
[7] See Igawa, 97 Hawaiiat 409-10, 38 P.3d at 577-78 ("It is well established that courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field." (citations and block quotation formatting omitted)).
[8] The presumption that a workers' compensation claim is for a "covered work injury" "relates solely to the `work-connectedness' of an injury." See Tamashiro v. Control Specialist, Inc., 97 Hawai`i 86, 91, 34 P.3d 16, 21 (2001) (holding that the ICA extended HRS § 386-85 too far when it applied the presumption to the "able-to-resume-work" issue). An employer cannot be expected to disprove the existence of an injury to the plaintiff. Rather, the claimant has the burden to establish that he or she was injured through physicians' reports and diagnoses. Cf. Mottl v. Mivahira, 95 Hawai`i 381, 389, 23 P.3d 716, 724 (2001) (to establish standing, the plaintiff "must show a distinct and palpable injury to himself [or herself]"). At that point, as the LIRAB concluded, there is a presumption that the injury is connected to work.
[9] See Sousaris v. Miller, 92 Hawai`i 505, 513, 993 P.2d 539, 547 (2000) ("[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." (quotation marks and citations omitted)).
[10] Mussack's three physicians' reports list only two dates of injury/illness, September 29, 2000 and October 13, 2000. However, Mussack has never asserted that he was injured on October 13, 2000.

See Igawa, 97 Hawai`i at 409-10, 38 P.3d at 577-78.